J-A03037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HARVEY PROCTOR | |
| Appellant | No. 338 EDA 2015 |

Appeal from the Judgment of Sentence December 19, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004006-2012;
CP-51-CR-0015014-2008

BEFORE: GANTMAN, P.J., MUNDY, J., and DUBOW, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED MARCH 18, 2016**

Appellant, Harvey Proctor, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following revocation of his probation. We affirm.

In its opinion, the trial court fully set forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them. We add only that Appellant timely filed a notice of appeal on January 20, 2015. On February 17, 2015, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied.

Appellant raises the following issue for our review:

> WAS NOT THE SENTENCE OF TWO TO FIVE YEARS['] INCARCERATION FOR A TECHNICAL VIOLATION OF

PROBATION (LEAVING [APPELLANT'S] MENTAL HEALTH TREATMENT PROGRAM) MANIFESTLY EXCESSIVE AND UNREASONABLE UNDER THE CIRCUMSTANCES, AS WELL AS FAILING TO COMPLY WITH 42 PA.C.S. § 9771(C)?

(Appellant's Brief at 4).

Appellant argues his sentence of two to five years' incarceration is manifestly excessive for a technical violation of probation. Appellant asserts he suffers from paranoid schizophrenia, and he absconded from the mental health treatment facility in a panic because he mistakenly believed he would be discharged for having sex with another resident. Appellant claims he attempted to seek treatment elsewhere. Appellant submits he also tried to turn himself in to the police twice but was turned away each time because the police had no notice of a bench warrant. Appellant contends his sentence was inconsistent with 42 Pa.C.S.A. § 9771(c), as he was not convicted of another crime, there was no reason to believe he would commit a crime if not imprisoned, and he showed no consistent pattern of disrespect to the court's authority. Appellant concludes this Court should vacate his judgment of sentence and remand for resentencing. Appellant challenges the discretionary aspects of his sentence. **See Commonwealth v. Lutes**, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing).

When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing.

***Commonwealth v. Cartrette***, 83 A.3d 1031, 1033-34 (Pa.Super. 2013) (*en banc*) (explaining appellate review of revocation sentence includes discretionary sentencing challenges). Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. ***Commonwealth v. Sierra***, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***See*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***See*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's

actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 913. An appellant raises a substantial question where he claims his sentence was excessive in light of his underlying technical violations of probation. *See Commonwealth v. Malovich*, 903 A.2d 1247 (Pa.Super. 2006).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Sheila Woods-Skipper, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of Appellant's question presented. (*See* Trial Court Opinion, filed April 13, 2015, at 3-5) (finding: court sentenced Appellant to concurrent terms of two (2) to five (5) years' incarceration; sentence fell well below statutory maximum term of ten years' incarceration applicable to each criminal trespass conviction; in fashioning sentence, court considered sentencing factors under 42 Pa.C.S.A. § 9721(b); evidence at revocation hearing showed Appellant continuously failed to comply with rules of mental health treatment program; Appellant had sex with fellow resident and absconded from program twice over course of one year; Appellant also failed to comply with rules of mental health court despite being given several opportunities; Appellant may benefit from mental health services offered in more structured environment of state facility because he has failed to take advantage of opportunities previously

afforded to him; in view of Appellant's rehabilitative needs and history of noncompliance with conditions of his supervision, sentence was not unreasonable; further, court complied with Section 9771(c); sentence of total confinement was necessary to vindicate court's authority because Appellant continued to disregard conditions of his supervision). Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/2016

**IN THE COURT OF COMMON PLEAS**
**FIRST JUDICIAL DISTRICT OF PENNSYLVA**
**CRIMINAL TRIAL DIVISION**

CP-51-CR-0015014-2008 Comm. v. Proctor, Harvey
Opinion



7281336971

COMMONWEALTH OF PENNSYLVANIA     :
        :
V.         :     CP-51-CR-0015014-2008    **FILED**
        :     CP-51-CR-0004006-2012
HARVEY PROCTOR         :
        :     APR 13 2015
DOCKET NO.:     338 EDA 2015     :     Criminal Ap... Unit
        First Judicial District of PA

**OPINION**

Appellant, Harvey Proctor, appeals the revocation of his probation and the ensuing sentence of two to five years incarceration. On appeal, Appellant asserts that the sentence was manifestly excessive and unreasonable under the circumstances, and that it did not comply with the requirements of 42 Pa.C.S. § 9771(c). A summary of the relevant facts and procedural history follows.

On June 11, 2009, Appellant was found guilty of criminal trespass, contempt, terroristic threats and criminal mischief following a waiver-trial before the Honorable Willis Berry Jr.[1] On December 7, 2009, the Honorable Joan Brown sentenced Appellant to time served to twenty-three months incarceration on each charge, to run concurrently, followed by three years probation.[2] On March 15, 2012, Appellant was arrested and charged with burglary and criminal trespass. Trial on these new charges and potential direct violation of Judge Brown's probation they represented were Rule 701 consolidated before the Honorable Diana Anhalt.[3] On January 16, 2013, Appellant entered a negotiated guilty plea to criminal trespass before Judge Anhalt, and was sentenced to time served to twenty-three months followed by five years probation. On the direct violation, Judge Anhalt sentenced Appellant to a consecutive three years probation and both cases were referred to Mental Health Court (MHC).

---

[1]   18 § 3503(a)(1)(ii), 23 § 6114(a), 18 § 2706(a)(1), 18 § 3304(a)(1)
[2]   On August 12, 2009, Judge Berry recused himself at the Commonwealth's request.
[3]   Rule 701. Pleas of Guilty to Multiple Offenses (A) Before the imposition of sentence, the defendant may plead guilty to other offenses that the defendant committed within the jurisdiction of the sentencing court. (B) When such pleas are accepted, the court shall sentence the defendant for all the offenses. Pa.R.Crim.P. 701.

1

On March 14, 2013, Judge Anhalt relinquished jurisdiction and Appellant was formally accepted into MHC. As is the procedure in MHC, Appellant was scheduled for status of mental health and treatment hearings at regular intervals to monitor his compliance and progress. At Appellant's April 18, 2013 status hearing, it was reported that he was in compliance with the program. At the May 16, 2013 status hearing, Appellant's probation officer reported that he had tested positive for marijuana on April 26, 2013. At the June 13, 2013 hearing, Appellant failed to appear because he was hospitalized, however, his probation officer reported that Appellant had tested positive for PCP and a detainer was issued. At the July 11, 2013 hearing, it was reported that Appellant was found to be incompetent and the Court committed Appellant for a period of thirty days under section 305 via 405 of the Mental Health Procedures Act. At the August 1, 2013 hearing, Appellant remained incompetent and was re-committed for an additional thirty days under section 305 via 405. At the August 22, 2013 hearing, Appellant was again competent. The Court lifted the detainer and ordered that Appellant be immediately paroled to the Forensic Intensive Recovery (FIR) NET Wharton program. At the September 12, 2013 hearing, Appellant's probation officer reported that the program notified her that, on the day prior, Appellant absconded from an organized group trip to a park and was later found at a nearby bar. As a result, Appellant was discharged from the program which resulted in the warrant unit taking him into custody. The Court ordered a forthwith mental health evaluation and scheduled a violation hearing.

At the October 17, 2013 violation hearing, following testimony, Appellant was found to be in technical violation of the conditions of his probation and the MHC, and sentencing was deferred to determine if a placement could be obtained. On November 14, 2013, Appellant received concurrent sentences of eleven and one-half to twenty-three months incarceration followed by five years reporting

2

probation.[4] On December 23, 2013, Appellant was paroled to the Gaudenzia, North Broad program. At the January 16, 2014 and March 13, 2014 status hearings, Appellant was reported to be in compliance with his program. However, Appellant failed to appear at the May 8, 2014 hearing, and a bench warrant was issued. Appellant's probation officer reported that Appellant stated that he would like to go back to jail because he did not like the program. The probation officer also reported that, according to Appellant's case manager, Appellant had been caught engaged in sex with another resident, which was against the rules, that he was disrespectful to women, and that he absconded from the program on March 23, 2014. On April 23, 2014, Appellant was formally discharged from Gaudenzia. On May 9, 2014, Appellant turned himself in to police. At the May 15, 2014 hearing, Appellant's probation officer reported that Appellant told her that he left the program because he thought he was going to be discharged and taken into custody. The Court ordered a forthwith mental health evaluation and a violation hearing was scheduled. At the October 16, 2014 hearing, after finally receiving the mental heal evaluation results, Appellant was found in technical violation of his probation, but sentencing was deferred to allow a FIR evaluation to be completed. On December 19, 2014, Appellant was sentenced to two to five years incarceration on each criminal trespass conviction with credit for time served. On January 5, 2015, Appellant's motion to vacate and reconsider sentence was denied. This appeal followed.

Appellant's sole argument on appeal is that his sentence was manifestly excessive and unreasonable under the circumstances and that it did not comply with 42 Pa.C.S. § 9771(c). It is settled that, [t]he imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. Commonwealth v. Colon, 102 A.3d 1033, 1043 (2014) (citing Commonwealth v. Simmons, 56 A.3d 1280, 1283–84 (Pa. Super. 2012)). An abuse of discretion is more than an error in judgment—a

---

[4] On the first case, he was also sentenced on the Criminal Mischief conviction to eleven and one half to twenty-three months incarceration to run concurrently with immediate parole followed by three years probation and consecutively sentenced to five years probation on the Terroristic Threats conviction.

sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. Id. When re-sentencing following a violation of probation, a court can sentence an Appellant to any sentence allowable at the time of the original sentence. Id. at 1044. Appellant was found guilty of two counts of criminal trespass as felonies of the second degree, each of which carries a maximum sentence of incarceration of up to ten years.[5] Appellant was sentenced to two to five years incarceration on each conviction, to run concurrently, with credit for time served, a sentence far shorter than the possible twenty years incarceration to which the Appellant was exposed.

Moreover, in crafting Appellant's sentence, Court followed the rule articulated in 42 Pa.C.S. § 9721(b) which require that the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the [appellant]. Commonwealth v. Williams, 69 A.3d 735, 741 (Pa. Super. 2013) (citing Commonwealth v. Coolbaugh, 770 A.2d 788, 792 (Pa. Super 2001), 42 Pa.C.S. § 9721(b). The evidence at the revocation hearing showed that Appellant continuously failed to comply with the rules of the Gaudenzia program by having sex with a fellow resident, absconded from the program which resulted in his discharge, the second discharge from a program in a year. (N.T. 10/16/14 pg. 5-6) Furthermore, Appellant failed to comply with the rules of MHC despite several opportunities. Id. The Court reasoned that Appellant might benefit from the mental health services offered in the more structured environment of a state facility because he had failed to take advantage of the opportunities previously afforded to him. (N.T. 12/19/14 pg. 22) Given the Appellant's history of non-compliance with conditions of his supervision and the Court's consideration of his rehabilitative needs, the sentence was not unreasonable.

---

[5] 18 Pa.C.S. § 1103(2).

4

Finally, the Court did comply with 42 Pa.C.S. § 9771(c), which requires a court, before it imposes a sentence of total confinement, to find that [Appellant] has either: (1) the [appellant] has been convicted of another crime; or (2) the conduct of the [appellant] indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court. 42 Pa.C.S. § 9771(c). In addition, technical violations can support revocation and a sentence of incarceration where such violations are flagrant and indicate an inability to reform. Commonwealth v. Allshouse, 2009 PA Super 47, 969 A.2d 1236, 1241 (Pa. Super. Ct. 2009). In light of Appellant's continued disregard for the conditions of his supervision, the Court reasoned that in order to vindicate its authority, a period of total confinement was necessary. (N.T. 12/19/14 pg 22). Therefore, the Court complied with the requirements of 42 Pa.C.S. § 9771(c) and all of appellant's complaints on appeal fail.

For the foregoing reasons, Appellant's claims for relief should be denied.

BY THE COURT:

_____
SHEILA WOODS-SKIPPER, PJ